UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MILTON RODRIGO UGUNA PUCHI,                     Civil Action No.

                    Plaintiff,

  -against-

PURCHASE & WINE LIMITED, WINE AT
FIVE LLC, and CAI PALMER,

                    Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, MILTON RODRIGO UGUNA PUCHI ("Plaintiff"), as and for his Complaint against Defendants, PURCHASE & WINE LIMITED, WINE AT FIVE LLC, and CAI PALMER (hereinafter, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and Part 146 of the New York Codes, Rules, and Regulations (hereinafter, the "Regulations") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a bartender from on or about December 22, 2017 until on or about June 1, 2019.

6. According to the New York State Department of State, Division of Corporations, Defendant Purchase & Wine Limited (hereinafter, "P&W") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, at all relevant times to this action, Defendant P&W maintained a principal place of business located at 53 Purchase Street, Rye, New York 10580.

8. Upon information and belief, at all relevant times to this action, Defendant P&W owned and operated "The Red Pony" bar located at 53 Purchase Street, Rye, New York 10580.

9. At all relevant times, Defendant P&W maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. According to the New York State Department of State, Division of Corporations, Defendant Wine At Five LLC (hereinafter, "Wine") is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, at all relevant times to this action, Defendant Wine maintained a principal place of business located at 1 Elm Place, Rye, New York 10580.

12. At all relevant times, Defendant Wine maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

13. Upon information and belief, Defendants P&W and Wine (hereinafter collectively, the "Corporate Defendants") were owned, operated, and controlled by Defendant Cai Palmer (hereinafter, "Palmer").

14. Upon information and belief, the Corporate Defendants were part of a single integrated enterprise that jointly employed Plaintiff.

15. Upon information and belief, the Corporate Defendants' operations were interrelated and unified.

16. Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the Defendant Palmer.

17. Upon information and belief, at all relevant times, the Corporate Defendants shared employees, equipment, and supplies.

18. Upon information and belief, Defendant Palmer is a resident of the State of Connecticut.

19. Upon information and belief, at all relevant times, Defendant Palmer was a shareholder, owner, officer, director, and/or managing agent of Defendant P&W.

20. Upon information and belief, at all relevant times, Defendant Palmer was a member, owner, officer, director, and/or managing agent of Defendant Wine.

21. Upon information and belief, at all relevant times, Defendants P&W and Wine was owned, operated, and/or controlled by Defendant Palmer.

22. Upon information and belief, at all relevant times, Defendant Palmer exercised operational control over Defendants P&W and Wine, controlled significant business functions of Defendants P&W and Wine, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants P&W and Wine in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

23. Upon information and belief, at all relevant times, Defendant Palmer participated in running the daily operations of Defendants P&W and Wine and The Red Pony bar.

24. Upon information and belief, at all relevant times, Defendant Palmer participated in the management and supervision of the employees employed by Defendants P&W and Wine.

25. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

26. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

27. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## **FACTS**

28. At all times relevant to this action, Plaintiff was employed as a bartender for the benefit of and at the direction of Defendants at The Red Pony bar.

29. Throughout Plaintiff's employment, his primary responsibilities included tending bar and helping customers.

30. During Plaintiff's employment, Plaintiff was required to sign in and out of his daily shifts.

31. Upon information and belief, Defendants maintained time records for the hours that Plaintiff worked each day and each week.

32. Throughout his employment, Plaintiff worked six (6) days per week, Monday through Saturday, from about 4:00 p.m. until about 2:00 a.m.

33. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen (15) minutes.

34. During this time, Plaintiff generally worked sixty (60) hours per week.

35. During this time, Defendants paid Plaintiff an hourly rate of pay for all hours worked.

36. Throughout his employment, Defendants paid Plaintiff on a bi-weekly basis.

37. Throughout his employment, Defendants paid Plaintiff sometimes in cash, sometimes via check from Defendant P&W, and sometimes via check from Defendant Wine.

38. Throughout his employment, Defendants paid Plaintiff straight time for all hours worked.

39. Throughout his employment, Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours each week.

40. Throughout his employment, Defendants did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

41. Throughout Plaintiff's employment, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

42. Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at the time of his hiring or at any other time thereafter, as required by NYLL § 195(1).

43. Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

44. Defendant Palmer participated in the decision to hire Plaintiff.

45. Defendant Palmer participated in the decision to fire Plaintiff.

46. Defendant Palmer participated in the daily supervision of Plaintiff's duties.

47. Defendant Palmer participated in setting Plaintiff's work schedule.

48. Defendant Palmer participated in deciding the hours that Plaintiff worked each week during his employment.

49. Defendant Palmer participated in deciding the manner in which Plaintiff was paid.

50. Defendant Palmer participated in deciding Plaintiff's rate(s) of pay.

51. Defendant Palmer participated in deciding the job duties that Plaintiff performed.

52. Defendant Palmer participated in running the day-to-day operations of the Corporate Defendants and the Red Pony bar during Plaintiff's employment.

53. Defendants managed Plaintiff's employment, including the amount of overtime worked.

54. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

55. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

56. Defendants were aware of Plaintiff's work hours but failed to pay him spread of hours compensation to which he was entitled under the law.

57. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are enterprises engaged in commerce or in the production of goods for commerce.

61. At all times relevant to this Complaint, the Corporate Defendants had two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who was employed as a bartender and handled liquor and other alcoholic beverages that have moved in interstate commerce.

62. Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the years 2017, 2018, and 2019 was not less than $500,000.00.

63. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

64. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

65. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

66. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

68. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

69. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

74. At all times relevant to this Action, Defendant P&W was a restaurant as defined by the regulations pertaining to the NYLL.

75. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

76. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

77. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

78. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

79. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

80. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

81. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours per week.

82. Plaintiff was not exempt from the overtime provisions of the NYLL, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

83. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

84. Defendants have not acted in good faith with respect to the conduct alleged herein.

85. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

86. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

87. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

88. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

89. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

90. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in

the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

92. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6, SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

94. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

95. Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

96. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

97. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated the provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiff;

4. Willfully violated the provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime and spread of hours compensation due accruing from the date such amounts were due;

  F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

  G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   January 13, 2020

               _____
               Neil H. Greenberg, Esq.
               Keith E. Williams, Esq.
               Neil H. Greenberg & Associates, P.C.
               *Attorneys for the Plaintiff*
               4242 Merrick Road
               Massapequa, New York 11758
               Tel: 516.228.5100
               nhglaw@nhglaw.com
               keith@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Purchase & Wine Limited, Purchase & Wine Limited d/b/a The Red Pony, Wine at Five LLC, Cai Palmer** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Purchase & Wine Limited, Purchase & Wine Limited d/b/a The Red Pony, Wine at Five LLC, Cai Palmer** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

**Fecha:**   Massapequa, NY
            October 30, 2019

**Firma:**   _____
            Milton Ugaña