```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MILTON RODRIGO UGUNA PUCHI,         :
                  Plaintiff,        :
                                    :
                                    :       ORDER
v.                                  :
                                    :       20 CV 312 (VB)
PURCHASE & WINE LIMITED, WINE AT    :
FIVE LLC, and CAI PALMER            :
                  Defendants.       :
--------------------------------------------------------------x
```

On October 27, 2020, plaintiff in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case filed a settlement agreement (Doc. #24-1) and an unopposed memorandum in support of plaintiff's motion for settlement approval explaining the basis for the agreement (Doc. #24), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties also filed a proposed stipulation of dismissal with prejudice as to defendants Purchase & Wine Limited and Cai Palmer (Doc. #25), as well as a stipulation of dismissal without prejudice as to defendant Wine at Five LLC (Doc. #26).

In reviewing the proposed settlement agreement, the Court has considered the following factors:

(i) the parties' position as to the proper valuation of plaintiff's claims;

(ii) the risks and costs of continuing to litigate;

(iii) plaintiff is represented by counsel;

(iv) plaintiff no longer works for defendants;

(v) the parties settled with the assistance of an experienced mediator;

(vi) the settlement agreement does not contain confidentiality or non-disparagement clauses;

(vii) plaintiff is receiving 100% of his claimed FLSA overtime compensation and NYLL spread of hours compensation, as well as a significant portion of his claimed liquidated damages;

(viii) the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation; and

(ix) the release set forth in paragraph 4 of the settlement agreement is limited to wage and hour claims arising before the execution of the settlement agreement.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are approximately one third of the total recovery before the reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #24-1) is APPROVED.

The Court will "so order" the parties' proposed stipulations of dismissal.

The Clerk is instructed to terminate the motion (Doc. #23) and close this case.

Dated: November 2, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge